UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HECTOR PANTALEON LOPEZ

                                    Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, San Diego, California in his official capacity; JOSEPH FREDEN, Field Office Director of San Diego Office of Detention and Removal, U.S. Immigration and Customs Enforcement; U.S. Department of Homeland Security; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security, in his official capacity; DAREN K. MARGOLIN, Director for Executive Office for Immigration Review, in his official capacity; KRISTI NOEM, Secretary of U.S. Department of Homeland Security, in her official capacity; and PAMELA BONDI, Attorney General of the United States, in her official capacity,

                                    Respondents.

Case No.: 25-cv-3305-JES-BJW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

1

25-cv-3305-JES-BJW

Before the Court is Petitioner Hector Pantaleon Lopez's ("Petitioner's") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed on November 25, 2025. ECF No. 1 ("Pet."). Petitioner argues that his detention is unlawful under 8 U.S.C. § 1226(a), the Administrative Procedure Act, and the Fifth Amendment's Due Process Clause. *Id.*

## I. BACKGROUND

Petitioner, a citizen of Mexico, has lived in San Diego since he entered the United States without inspection in 2005. *Id.* ¶ 47. He is married to a U.S. Citizen, with whom he has two children of the ages 8 and 12. *Id.* Petitioner provides financially for his family by working as a fence builder. *Id.*

Petitioner was previously subject to removal proceedings, which were administratively closed on October 15, 2015. *Id.* ¶ 51. In June of 2025, DHS moved to re-calendar Petitioner's removal proceedings. *Id.* ¶ 52. Under that order, he was released on bond pending his upcoming master hearing on January 13, 2026. *Id.* ¶ 53. However, on October 15, 2025, Petitioner was re-detained by ICE officials on his way to work. *Id.* ¶ 53.

Petitioner alleges three causes of action in his Petition: (1) that his detention should be under 8 U.S.C. § 1226 rather than 8 U.S.C. § 1225, and his continued detention without a bond hearing and decision on the merits violates the Immigration and Nationality Act ("INA"); (2) his detention is arbitrary and capricious under the Administrative Procedure Act ("APA"); and (3) his re-detention in August 2025 without a fair bond hearing violates Due Process. *Id.* ¶¶ 59-69.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means

25-cv-3305-JES-BJW

of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

In Respondents' return to the petition, they raise several issues: (1) Petitioner's claim and requested relief is jurisdictionally barred by 8 U.S.C. § 1252; (2) alternatively, if not barred, Petitioner must exhaust administrative remedies; (3) Petitioner is lawfully detained under § 1225; and (4) Respondents had authority to detain Petitioner following her release on bond. ECF No. 5.

### A. Jurisdiction and Administrative Exhaustion

The arguments with regards to jurisdiction and administrative exhaustion are identical to those recently addressed by the undersigned in *Martinez Lopez v. Noem et al.*, No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2-3 (S.D. Cal. Oct. 30, 2025). The Court adopts it reasoning as to these issues and incorporates it by reference. *See also Beltran et al. v. Noem et al.*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3-4 (S.D. Cal. Nov. 4, 2025) (holding same).

Accordingly, the Court finds that the jurisdiction stripping provisions of 8 U.S.C. § 1252 do not strip it of jurisdiction to hear Petitioner's claims and that any further administrative exhaustion requirements are waived in light of *Matter of Yajure Hurtado*.

### B. Section 1225 vs. 1226

Respondents argue that Petitioner is detained pursuant to 8 U.S.C. § 1225's mandatory detention versus § 1226's discretionary detention. Specifically, Respondents argue that Petitioner is "an applicant for admission" as contemplated under § 1225. ECF No. 5 at 11.

The issue presented in this case has been addressed by several district courts in this Circuit and across the nation recently. The crux of the difference in interpretation is that

25-cv-3305-JES-BJW

Respondents argue that § 1225 applies to noncitizens who are physically in the United States already, not limited to when they are at the border seeking admission, as long as the noncitizen is in removal proceedings or otherwise still seeking admission to legally remain in the country. Petitioners, on the other hand, argue that § 1225 should be limited to situations where the noncitizen is "arriving" and subject to inspection, and those that are already physically present in the country when they are detained are instead detained under § 1226. This Court, along with many others, has held that it is § 1226 that applies to noncitizens that have be detained when after residing in the United States for a period of time. *See Martinez Lopez*, 2025 WL 3030457, at *4-5 (explaining reasoning and citing cases); *Beltran*, 2025 WL 3078837, at *4-7 (same). The Court adopts its prior reasoning here.

Specifically, courts have applied this reasoning to a situation like Petitioner's—there is no dispute that his case was administratively closed in 2015 and that he had lived in the United States since that date before he was re-detained. *See Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (holding § 1226 applies to petitioner who was paroled into the country on her own recognizance in June 2024 and re-detained in August 2025); *Sampiao v. Hyde*, No. 1:25-CV-11981-JEK, 2025 WL 2607924, at *8 (D. Mass. Sept. 9, 2025) (holding § 1226 applies to petitioner who was released at border on own recognizance in October 2021 and re-detained in July 2025); *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *9 (S.D.N.Y. Aug. 13, 2025) (holding § 1226 applies to petitioner who was released at border on his own recognizance in May 2023 and re-detained in July 2025).

Accordingly, the Court holds that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b), applies to Petitioner, and Petitioner is entitled to an individualized bond hearing by an Immigration Judge ("IJ"), who may not deny bond on the basis that 8 U.S.C. § 1225(b) governs Petitioner's detention.

//

//

25-cv-3305-JES-BJW

### C.    Remaining Claims

Petitioner also claims that his detention under 1225(b) is arbitrary and capricious in violation of the Administrative Procedure Act, and that his detention without a bond hearing violates the Fifth Amendment's Due Process clause. Pet ¶¶ 62-69. Like the above claim, those claims seek a fair bond hearing. *Id.* Thus, having ruled and granted relief on the basis of Petitioner's first cause of action, the Court finds the remaining claims moot.

## IV.  CONCLUSION

For the reasons discussed above, the Court:

(1) **GRANTS** Count One of the Petition;

(2) **DENIES AS MOOT** Counts Two and Three of the Petition;

(3) **ORDERS** Respondents to provide Petitioner with an individualized bond hearing, under 8 U.S.C. § 1226(a), within ten (10) days of this Order, or otherwise release him from custody, under the same conditions that existed before his detention; and

(4) Respondents are **ORDERED** to **FILE** a Notice of Compliance within ten (10) days of providing Petitioner with a bond redetermination hearing.

**IT IS SO ORDERED.**

Dated: December 8, 2025

Honorable James E. Simmons Jr.
United States District Judge

5

25-cv-3305-JES-BJW